IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES JACKSON, | ) | |
| ID # 1686823, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:13-CV-2982-L  (BH) |
| | ) | |
| WILLIAM STEPHENS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Request for the Above Pending Case to be Held in Abeyance for Reasons,* received March 27, 2014 (doc. 21). Based on the relevant findings and applicable law, the motion should be denied.

**I.  BACKGROUND**

Robert Charles Jackson (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He filed his federal habeas petition on July 31, 2013, challenging a state court conviction for aggravated assault. (*See* doc. 3). The respondent filed his response on November 7, 2013, addressing all of the claims in the petition on the merits. (*See* doc. 18). Petitioner filed a reply brief on December 5, 2013. (*See* doc. 20). He now seeks to stay and abate his federal case so that he may return to state court and attempt to exhaust a new claim that was not raised in either his state writ or his federal habeas petition. (*See* doc. 21). He claims that he has only recently become aware that one of the prior convictions used to enhance his conviction was void, but he does not specify the basis for his belief that one of his prior convictions is void. (*Id.* at 1).

## II.  STAY AND ABATE

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action.  *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).  Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Here, Petitioner has not met the *Rhines* standard.  First, he has not shown good cause for his failure to exhaust.  He claims that he has only recently become aware of this information, but he has failed to demonstrate that he could not have raised this claim earlier.  The record reflects that because Petitioner pled not true to the two enhancement paragraphs alleged in the state indictment, this issue was fully developed at trial.  The State presented the testimony of a fingerprint expert and placed the pen packets into evidence as support for the two enhancements.  The defense objected to the pen packets, cross-examined the fingerprint expert, and argued that the State had failed to

present sufficient evidence to prove that Petitioner had been convicted of the two offenses alleged in the enhancement paragraphs. The jury found the two enhancement paragraphs to be true beyond a reasonable doubt. (R. 4:5-44, 80-83, 90). Petitioner has not demonstrated good cause for failing to raise a claim regarding the enhancement paragraphs earlier.

Furthermore, under state law, neither the trial court nor the Court of Criminal Appeals may consider the merits of a subsequent writ filed after a previous state writ challenging the same conviction has been decided, unless the subsequent application establishes that the factual or legal basis for the claim was unavailable on the date the previous writ was filed, or that no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West 2013). Even assuming that the factual basis for this claim was not available at the time Petitioner filed his state writ, he has not shown that no rational juror could have found him guilty at trial. It is therefore unlikely that the merits of a subsequent writ will be considered by the state courts and that he will be able to exhaust this claim.

Finally, Petitioner has not shown that his unexhausted claim is meritorious. He claims in a conclusory manner that one of his prior convictions is void, but he presents no evidence to support this allegation. Given that the enhancement paragraphs were fully litigated at his trial and proven to be true beyond a reasonable doubt, Petitioner has failed to demonstrate that his claim is potentially meritorious. Petitioner has not shown that he would potentially be entitled to federal habeas relief based on this claim.[1]

---

[1] This claim also appears to be barred by the statute of limitations. Under the relevant portions of 28 U.S.C. § 2244(d)(1), Petitioner must demonstrate that he brought this new federal claim within one year of either the date his judgment became final, or the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. His conviction became final in October of 2012. (Response (doc. 18) at 3). While limitations would be tolled during the time that his state writ was pending between February 21, 2013, and May 29, 2013, his new claim would be filed more than one year after his conviction was final. It is also not clear that Petitioner could

3

Petitioner has not shown that he is entitled to a stay under the standard set forth in *Rhines,* and his request should be denied.

### III. RECOMMENDATION

Petitioner's motion to stay and abate should be **DENIED**.

**SIGNED this 10th day of April, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

demonstrate that his new claim could not have become known to him earlier through the exercise of due diligence.